

FILED & ENTERED

JUL 06 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Harry Roussos, Debtor<br><br>In re:    Theodosios Roussos, Debtor<br>(jointly administered) | Case Nos.:  2:15-bk-21624-ER and<br>2:15-bk-21626-ER (jointly administered)<br>Adv. Nos.:  2:15-ap-01404-ER and<br>2:15-ap-01406-ER |
| HOWARD M. EHRENBERG, Chapter 7 Trustee for the Estates of Harry Roussos and Theodosios Roussos,<br><br>Plaintiff<br><br>v.<br><br>HARRY ROUSSOS; THEODOSIOS ROUSSOS; O.F. ENTERPRISES, L.P.; LIRO, INC.; S.M.B. INVESTORS ASSOCIATES, L.P.; S.M.B. MANAGEMENT, INC.; CHRISTINE ROUSSOS; PAULA ROUSSOS; CHASE BANK N.A.; ONEWEST BANK N.A., and DOES 1 through 50,<br><br>Defendants | **MEMORANDUM OF DECISION GRANTING EMERGENCY MOTION FOR AN ORDER CONFIRMING THAT THE ISSUANCE OF A CONTINGENT RULING IN THE ARBITRATION DOES NOT VIOLATE THIS COURT'S DECEMBER 21, 2015 ORDER ENJOINING THE ARBITRATION**<br><br>Date:    July 6, 2016<br>Time:    10:00 a.m.<br>Location:  Ctrm. 1568<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

On July 6, 2016, the Court conducted a hearing on the Emergency Motion for an Order Confirming that the Issuance of a Contingent Ruling in the Arbitration Does Not Violate this Court's December 21, 2015 Order Enjoining the Arbitration ("Motion") [Doc. No. 320] filed by

Harry Roussos.[1] Appearances were as stated on the record. At the conclusion of the hearing, the Court took the matter under submission. For the reasons set forth below, the Court grants the Motion and finds that Judge Shook may issue the contingent ruling contemplated in the Motion without violating this Court's preliminary injunction staying the arbitration.

## I. Facts and Summary of Pleadings
**Background**

On October 9, 2015, the Court entered an order granting in part the Chapter 7 Trustee's motion to stay an arbitration proceeding regarding the real properties at issue in this action.[2] *See* Order, After Hearing, Granting in Part, Chapter 7 Trustee's Motion for Order Imposing Stay Pursuant to 11 U.S.C. §105(a) [Doc. No. 424, main bankruptcy case (2:15-bk-21624-ER)]. The Court's ruling provided:

> Pursuant to its authority under §105, the Court will issue a 90-day temporary stay of the Arbitration to the extent that it affects, directly or indirectly, title to or ownership of the Properties. The temporary stay will expire on Tuesday, December 23, 2015. If the Trustee wishes to extend the stay beyond that date, the Trustee must seek a preliminary injunction in the adversary proceeding. In seeking such an injunction, the Trustee must satisfy the standard preliminary injunction requirements—likelihood of success on the merits, irreparable harm in the absence of preliminary relief, a balancing of the equities in his favor, and that an injunction is in the public interest. Any motion seeking such an injunction must be filed such that a hearing will take place on or before December 16, 2015 at 10:00 a.m.

In its ruling, the Court explained that a stay of the Arbitration was necessary for the following reasons:

> There is a distinct possibility that the Arbitration could cause title to or ownership of the Properties to be transferred or otherwise impaired, circumscribing the Bankruptcy Court's ability to determine the issues raised in the Complaint. Those issues—whether

---

[1] Unless otherwise indicated, all citations to the docket refer to Adv. No. 2:15-ap-01406-ER. Identical papers were filed in Adv. No. 2:15-ap-01404-ER and in the main bankruptcy case, 2:15-bk-21624-ER. The Court reviewed the following papers in connection with this matter:
1) Emergency Motion for an Order Confirming that the Issuance of a Contingent Ruling in the Arbitration Does Not Violate This Court's December 21, 2015 Order Enjoining the Arbitration ("Motion") [Doc. No. 320]of
   a) Order Setting Hearing on Emergency Motion for an Order Confirming that the Issuance of a Contingent Ruling in the Arbitration Does Not Violate This Court's December 21, 2015 Order Enjoining the Arbitration [Doc. No. 326]
   b) Declaration of Jonathan S. Shenson Regarding Notice [Doc. No. 330]
2) Plaintiff Howard Ehrenberg, Chapter 7 Trustee's Notice of Joinder in Relief Requested by Emergency Motion for an Order Confirming that the Issuance of a Contingent Ruling in the Arbitration Does Not Violate This Court's December 21, 2015 Order Enjoining the Arbitration ("Joinder") [Doc. No. 332]
3) Joint Opposition to Emergency Motion for an Order Confirming that the Issuance of a Contingent Ruling in the Arbitration Does Not Violate This Court's December 21, 2015 Order Enjoining the Arbitration ("Joint Opposition") [Doc. No. 334]

[2] The properties at issue are located at 153 San Vicente Boulevard, Santa Monica, CA 90402 ("San Vicente Property") and 2727–41 Abbot Kinney Boulevard, Venice, CA 90291 ("Abbot Kinney Property") (collectively, the "Properties"). The San Vicente Property is presently owned by SMB Investor Associates, L.P. ("SMB") and the Abbot Kinney Property is presently owned by OF Enterprises, LP ("OF") (collectively, the "Purchasers"). The Properties are improved with multi-unit apartment complexes.

> the 1994 sale was procured by fraud—have significant bearing on the bankruptcy case. If the sale is reversed, substantial assets will accrue to the estate.
>
> Section 105 permits the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under §105, "a bankruptcy court may enjoin proceedings in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it." *LTV Steel Co., Inc. v. Bd. Of Educ. Of Cleveland City School Dist. (In re Chateaugay Corp.)*, 93 B.R. 26, 29 (S.D.N.Y. 1988).
>
> Permitting the Arbitration to continue would defeat or impair the Court's jurisdiction by introducing the possibility that title to or ownership of the Properties could be further altered. Such alteration would make it more difficult for the Trustee to administer the Properties on behalf of the estate in the event that the Trustee prevails. The fact that the Court is generally required to give preclusive effect to state court judgments—including judgments confirming an arbitrator's findings—makes the possibility of such alteration all too real.
>
> When issuing an injunction to preserve its jurisdiction, the Court "does not need to demonstrate an inadequate remedy at law or irreparable harm." *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 975-76 (9th Cir. 2005). "The only requirement for the issuance of an injunction under §105 is that the remedy conform to the objectives of the Bankruptcy Code." *Id. See also Chateaugay*, 93 B.R. at 29 ("The usual grounds for injunctive relief such as irreparable injury need not be shown in a proceeding for an injunction under section 105(a)."). Here, the injunction conforms to the objectives of the Bankruptcy Code by facilitating the Court's jurisdiction.

Ruling Imposing 90-Day Stay of Arbitration [Doc. No. 419, main bankruptcy case (2:15-bk-21624-ER)] at 4–5.

Theodosios and Harry Roussos, O.F. Enterprises, L.P., and S.M.B. Investors Associates, L.P. all opposed the 90-day stay of the arbitration. (The other two corporate defendants, S.M.B. Management and Liro, Inc., did not join the opposition.)

On December 16, 2015, the Court conducted a hearing on the Trustee's motion for a preliminary injunction staying the Arbitration until resolution of the adversary proceedings. On December 21, 2015, the Court entered an order enjoining the Arbitration "to the extent it affects, directly or indirectly, title to, or ownership of" the Properties (the "Arbitration Injunction") [Doc. No. 92]. The Arbitration Injunction provides that the "stay of the Arbitration Action … shall remain in force and effect pending further order of this Court." Issuance of the Arbitration Injunction was based on the Court's finding that if "the Arbitration continues, title to and ownership of the Properties will likely be transferred or otherwise impaired, circumscribing the Bankruptcy Court's ability to determine the issues raised in the Complaint. The Court must enjoin the Arbitration to preserve its jurisdiction." Ruling Granting Preliminary Injunction [Doc. No. 87].

Theodosios, Paula, Harry, and Christine Roussos opposed the issuance of the Arbitration Injunction. Theodosios and Paula Roussos appealed the Arbitration Injunction to the District Court. On June 27, 2016, the District Court affirmed the Bankruptcy Court's issuance of the Arbitration Injunction. On June 28, 2016, the Clerk transmitted the Minute Order affirming the Arbitration Injunction to the Bankruptcy Court pursuant to Bankruptcy Rule 8024(b).

**<u>Emergency Motion for an Order Confirming that the Issuance of a Contingent Ruling in the Arbitration Does Not Violate the Arbitration Injunction and Trustee's Joinder</u>**

Harry and Christine seek an order confirming that Judge Shook may issue a contingent ruling ("Contingent Ruling") in the Arbitration without violating the Arbitration Injunction. The Contingent Ruling will not take effect until it is approved by the Bankruptcy Court. The Trustee filed a joinder to the Motion. The Contingent Ruling is necessary to effectuate a settlement between Harry and Christine and the Trustee ("Settlement Agreement"). The Trustee will be preparing a motion under Bankruptcy Rule 9019 seeking approval of the Settlement Agreement.

The Settlement Agreement requires that the following matters be determined in the Contingent Ruling:

a) [A] ruling on Harry's and Christine's request that the Properties be sold in aid of the partition and distribution of the assets subject to the Arbitration to Harry and Christine and their children on the one hand … and to Ted and Paula and their children on the other hand … according to their respective interests in such assets as determined by Judge Shook,

b) [W]hether to direct and oversee the prompt marketing and sale of one or more of the Properties to facilitate Harry and Christine's timely consummation of this Agreement [the Settlement Agreement],

c) [T]hat some or all of the net proceeds from the sale of the Properties shall be paid to the Trustee until the Settlement Amount is paid in full …,

d) [D]etermining Harry's and Christine's indemnity, contribution, and/or other claims against Ted and Paula and/or the Four Entities arising out of Harry's and Christine's agreement to pay the Settlement Amount in settlement of the Adversaries.

Settlement Agreement at ¶6.

If the Bankruptcy Court enters an order approving Judge Shook's Contingent Ruling, and if Harry and Christine receive and pay to the Trustee $11 million from the proceeds of the sale of the Properties within 180 days after the Bankruptcy Court approves the Contingent Ruling, the Trustee will "dismiss the Adversaries, with prejudice." *Id.* at ¶3. This dismissal will be effective against all defendants, including Theodosios, Paula, and the Four Entities. *See* Joinder at 3 (stating that payment of $11 million is "in exchange for a release and dismissal of the entire litigation (thereby benefitting not only Harry and Christine, but also Ted, Paula and the Four Entities)."). In the event that Harry and Christine do not receive, from the sale of the Properties, at least $11 million on account of their interest in the Properties, the Trustee and Harry and Christine will submit for the Bankruptcy Court's approval a stipulated judgment against Harry and Christine in the amount of $5.9 million. Settlement Agreement at ¶4. Harry and Christine may void the Settlement Agreement if the Contingent Final Ruling does not "(a) enable the partition via sale of the Properties and (b) via the partition sale(s) and/or otherwise, enable Harry, Christine, Jason Roussos and/or Maria Roussos to receive at least $11,000,000 from the assets that are the subject of the Arbitration." *Id.* at ¶9a.

Harry and Christine argue that issuance of the Contingent Ruling will not violate the Arbitration Injunction because the Contingent Ruling will not take effect absent Bankruptcy Court approval. The Motion is brought on an emergency basis because the "Trustee requires meaningful visibility as to the likelihood that the Global Settlement is achievable before the discovery cutoff at the end of July." Motion at 5. Judge Shook requires time to conduct evidentiary hearings necessary to issuing the Contingent Ruling and time to prepare the Contingent Ruling.

**Joint Opposition of Theodosios Roussos, O.F. Enterprises, L.P., Liro, Inc., S.M.B. Management, Inc., and S.M.B. Investors Associates, L.P.**

 Theodosios Roussos, O.F. Enterprises, L.P., Liro, Inc., S.M.B. Management, Inc., and S.M.B. Investors Associates, L.P. (the "Four Entities") oppose the Motion. The Joint Opposition was signed by Daniel McCarthy on behalf of the Four Entities and by Theodosios Roussos in *pro per*. The Four Entities state that they have standing to oppose the Motion because they own the Properties that will be affected by the Arbitration, and are bound by the outcome of the Arbitration. The Joint Opposition makes the following arguments against the Motion:

 First, there is no need for the Motion to be heard on an emergency basis. The July 29, 2016 discovery deadline has no bearing upon the relief sought by the Motion. Any partition and sale determination made by Judge Shook would not take place until July 29, so no discovery will be avoided. The next deadlines are the September 13, 2016 pretrial conference and the trial dates of October 31 to November 4, 2016.

 Second, the Contingent Ruling requested in the Motion would violate the Arbitration Injunction: "An order to partition the San Vicente and Abbot Kinney properties by selling them *necessarily* would violate the [Arbitration Injunction] because it would 'affect, directly or indirectly, title to, or ownership of,' those two properties." Joint Opposition at 9.

 Third, the Arbitration Injunction cannot be modified through the Motion. First, the Motion does not seek such relief, and the Local Rules preclude the Court from considering new arguments raised in reply papers. Second, even if the Motion did seek to modify the Arbitration Injunction, it fails to make any showing that the Court's factual and legal determinations in issuing the Arbitration Injunction were incorrect. Third, the District Court's order affirming the Arbitration Injunction remains subject to appeal and reconsideration, which divests the Bankruptcy Court of jurisdiction to modify the Arbitration Injunction:

> Given that the time to petition for hearing (as well as the time to appeal) has not passed, the District Court has not yet issued its mandate to return jurisdiction over the [Arbitration Inunction] to this Court…. The mandate will not issue until after the time to petition for rehearing has passed. Fed. R. App. P. 41(b) ('The Court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later').

Joint Opposition at 10–11.

 Fourth, "the Court lacks authority to rule that Judge Shook's ruling in the Arbitration Action will have no force and effect until approved by this Court. If the [Arbitration Injunction] is modified to permit the Arbitration Action to proceed, Judge Shook's ruling will have whatever effect it has under applicable law…. Harry and Christine Roussos cite no authority for the proposition that this Court can permit a non-bankruptcy action to proceed, but then refuse to recognize the effect of a decision in that action." Joint Opposition at 8, 11. Further, the Contingent Ruling sought by Harry and Christine will have no legal effect since it will not resolve all matters at issue in the Arbitration:

> First, Judge Shook must render a decision in the Arbitration Action as to all matters for his award to be confirmed. The Court in *Cinel v. Christopher*, 203 Cal. App. 4th 759, 767 (2012), explained that a partial award could not be confirmed:
>> Section 1283.4 provides that an arbitration award shall "include a determination of all the questions ... the decision of which is necessary in order to determine the

> controversy." The arbitrator's order here, which did not address any of the issues in controversy but instead refused to commence the proceedings for failure to pay fees, did not constitute an "award" within the meaning of section 1283.4 such that it was subject to confirmation pursuant to section 1285. Before confirming an award, the trial court has a duty, in order to follow the dictates of section 1283.4, to ensure that the arbitrator's "award" is an "award" within the meaning of that statute.
>
> Second, Judge Shook's final decision must be confirmed to be enforceable. C.C.P. § 1287.6 ["An award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration."]; *Mossman v. City of Oakdale*, 170 Cal. App. 4th 83, 89 (2009) ["An arbitration award may only be enforced as written and, when confirmed, the award is reduced to a final and enforceable judgment."]

Joint Opposition at 12.

Finally, the Court should completely vacate the Arbitration Injunction. This would solve the issue of the Court's lack of jurisdiction due to the Arbitration Injunction being subject to reconsideration and appeal. It would also make any ruling issued by Judge Shook enforceable since the award would address all the matters covered by the Arbitration Action. If the Court vacated the Arbitration Injunction, any ruling issued by Judge Shook would inure to the benefit of the estate:

> If he [Judge Shook] agrees with Harry Roussos and issues an order to partition the San Vicente and Abbot Kinney properties (and perhaps the Colton, Paloma and Ocean Walk properties) by sale of the properties, that predicate to the proposed settlement with the Trustee will be met. However, if he alternatively decides that Ted Roussos' wife and children may compensate Harry Roussos' wife and children for their beneficial interest in the properties valued at approximately $28 million, Harry Roussos' beneficiaries might be compensated beyond the $11 million required to be paid by Harry and Christine Roussos under the settlement, so that they could perform under the settlement with the Trustee. That would occur by borrowing against the properties, instead of selling them, which could trigger significant tax consequences.

Joint Opposition at 12.

## II. Findings and Conclusions

At the outset, the Court notes that although the District Court recently affirmed the issuance of the Arbitration Injunction, jurisdiction over the Arbitration Injunction has not yet returned to the Court, because the time to file an appeal has not yet expired. As a result, the Court may not at this time modify the Arbitration Injunction.

The relief sought in the Motion does not require a modification of the Arbitration Injunction. The Court's Arbitration Injunction stays the Arbitration only to the extent that it "affects, directly or indirectly, title to, or ownership of" the Properties at issue. The proposed Contingent Ruling by Judge Shook does not violate the Arbitration Injunction since it will not take effect absent approval by this Court. A ruling that is stayed upon issuance cannot affect title to or ownership of the Properties.

The arguments made in the Joint Opposition are overruled. The Court notes that Theodosios has taken inconsistent positions in this litigation, initially opposing any injunction of the Arbitration but now arguing that the injunction must remain in force. This tactical reversal

suggests to the Court that Theodosios' primary motive in opposing the Motion is to obstruct Harry's settlement with the Trustee.

The Court disagrees with assertion, propounded by Theodosios and the Four Entities, that it is not possible for Judge Shook to issue the Contingent Ruling contemplated by the Motion. There is no reason why Judge Shook cannot produce a ruling containing a proviso that the ruling does not take effect absent an order of the Bankruptcy Court. In fact, in connection with a prior hearing, Judge Shook requested that he be permitted to issue such a ruling. *See* Declaration of the Hon. John P. Shook, Ret., Regarding Motions for Relief from the Automatic Stay Under 11 U.S.C. §362(a) at ¶10 ("Shook Declaration") [Doc. No. 546, main bankruptcy case] ("I would also request permission to issue my Statement of Decision in the Arbitration and address any post-trial motions (which should be nominal since this is a binding arbitration), with the proviso that my Statement of Decision, to the extent it affected title to San Vicente or Abbott Kinney, would be completely stayed absent the dismissal of the bankruptcies or permission of the bankruptcy court."). The Shook Declaration was filed by Daniel McCarthy, who now inconsistently argues that it is impossible for Judge Shook to issue a ruling that would be stayed absent further order of this Court.

The Court finds Theodosios and the Four Entities' remaining arguments in opposition to the Motion to be unpersuasive. Theodosios and the Four Entities assert that the proposed Contingent Ruling will be unenforceable since it would not address all the matters at issue in the Arbitration. The Court cannot be certain of the outcome or the enforceability of the Contingent Ruling. However, the Settlement Agreement provides for alternatives in the event that the Contingent Ruling does not provide for a sale of the Properties. *See* Settlement Agreement at ¶9b ("If the Contingent Final Ruling does not provide for a Scheduled Sale, the Parties, at the Trustee's sole and arbitrary option, shall jointly seek relief in the Bankruptcy Court so the trustee (or another mutually agreeable party) can sell the Properties on commercially reasonable terms."). In the Court's view, the Settlement Agreement and the Motion seeking the Contingent Ruling constitute a good-faith effort by Harry, Christine, and the Trustee to resolve this litigation. The Court declines to scuttle these attempts at settlement based only on theories asserted by Theodosios and the Four Entities as to why the Settlement Agreement might not be achievable.

The Court declines to adopt Theodosios and the Four Entities' request that the Arbitration Injunction be vacated. The Arbitration Injunction was necessary to preserve the Court's jurisdiction given the potential of the Arbitration to affect title to or ownership of the Properties. The proposed Contingent Ruling avoids this problem as it will not be effective absent further order of this Court.

The Court will enter an order consistent with this Memorandum of Decision.

###

Date: July 6, 2016

Ernest M. Robles
United States Bankruptcy Judge