

**FILED & ENTERED**

**MAR 06 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Harry Roussos, Debtor<br>In re:   Theodosios Roussos, Debtor<br>(jointly administered) | Case Nos.:   2:15-bk-21624-ER and 2:15-bk-21626-ER (jointly administered)<br>Chapter:   7<br><br>**MEMORANDUM OF DECISION DENYING EMERGENCY MOTION TO (1) FIX A DIFFERENT AMOUNT OF BOND OR ORDER SECURITY OTHER THAN A BOND PURSUANT TO FED. R. BANKR. PROC. 7062 AND (2) RECONSIDER AND/OR TO AMEND ORDER SETTING AMOUNT OF SUPERSEDEAS BOND AT $96,000.00 AND REQUIRING THEODOSIOS ROUSSOS TO DEPOSIT THE BOND AMOUNT INTO THE COURT'S REGISTRY BY NO LATER THAN MARCH 10, 2017 AT 3:00 P.M. PURSUANT TO FED. R. BANKR. PROC. 9023, FED. R. BANKR PROC. 9024**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed the Emergency Motion to (1) Fix a Different Amount of Bond or Order Security Other than a Bond Pursuant to Fed. R. Bankr. Proc. 7062 and (2) Reconsider and/or to Amend Order Setting Amount of Supersedeas Bond at $96,000.00 and Requiring Theodosios Roussos to Deposit the Bond Amount into the Court's Registry By No Later than March 10, 2017 at 3:00 P.M. Pursuant to Fed. R. Bankr. Proc. 9023, Fed. R. Bankr Proc. 9024 (the "Emergency Motion") [Doc. No. 742]. For the reasons set forth below, the Emergency Motion is DENIED.

Theodosios Roussos ("Theodosios")[1] seeks reconsideration of the Court's Memorandum of Decision Setting Amount of Supersedeas Bond at $96,000.00 (the "Memorandum of Decision") [Doc. No. 737] and Order (1) Setting Amount of Supersedeas Bond at $96,000.00 and (2) Requiring Theodosios Roussos to Deposit the Bond Amount Into the Court's Registry By No Later than March 10, 2017 at 3:00 p.m. (the "Order") [Doc. No. 737].[1]

A motion for reconsideration is governed by Civil Rule 59(e), which is made applicable to these proceedings by Bankruptcy Rule 9023.[2] *Hale v. United States Trustee (In re Basham)*, 208 B.R. 926, 934 (B.A.P. 9th Cir. 1997), *aff'd sub nom. In re Byrne*, 152 F.3d 924 (9th Cir. 1998). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

First, Theodosios requests that the Order be modified to permit him to pay the bond amount in monthly installments, rather than in a lump sum. That request is denied. The purpose of the supersedeas bond is to protect the Trustee, the prevailing party, from any loss that may result from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987). But for the stay, the Trustee would have gained possession of the Units[3] and could lease them out to new tenants at current market rates. Permitting Theodosios to pay the bond in installments would not

---

[1] The supersedeas bond is imposed pursuant to Bankruptcy Rule 8007(a). *See Farmer v. Crocker Nat'l Bank (In re Swift Aire Lines, Inc.)*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982) (holding that the Court has discretion in determining the sufficiency of the supersedeas bond and the adequacy of the surety).

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

[3] Terms not defined herein have the meaning set forth in the Memorandum of Decision.

afford the Trustee adequate security, since there can be no guarantee that Theodosios would make all the required monthly installment payments.

Second, Theodosios requests additional time to raise the money to post the bond. The Court entered an order requiring Theodosios to turnover possession of the Units to the Chapter 7 Trustee ("Trustee") on January 12, 2017. Doc. No. 699 (the "Turnover Order"). After receiving briefing on Theodosios' motion to stay the Turnover Order, the Court issued a Memorandum of Decision and accompanying Order staying the Turnover Order on February 10, 2017. Doc. Nos. 726–27. The Court issued an order setting the amount of the bond on February 27, 2017. Doc. No. 738. Thus, although Theodosios was not aware of the precise amount of the bond until February 27, he has been aware of the possibility that a supersedeas bond would be required since January 12, 2017. Theodosios has had sufficient time to raise money to post the bond. An additional extension is not warranted.

Third, Theodosios argues that no bond should be required, given that the Court determined, in its Memorandum of Decision Granting Motion for a Stay Pending Appeal of Turnover Order [Doc. No. 726], that a stay was warranted based upon consideration of the factors set forth in *Nken v. Holder*, 556 U.S. 418, 426 (2009). Theodosios' theory is that the Court may not require a supersedeas bond where it determines that the *Nken* factors support issuance of a stay. Theodosios is incorrect. Courts have required the posting of a bond even where the *Nken* factors support a stay. *See, e.g., In re Weinhold*, 389 B.R. 783, 790 (Bankr. M.D. Fla. 2008) ("The Court previously determined that the stay pending appeal should be granted, and the only remaining issue is whether CPP and Smith should be required to post a bond as a condition of the stay."); *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 351 (S.D.N.Y. 2007) (finding that appellants would be irreparably harmed absent a stay and had shown a substantial possibility of success on appeal, but still requiring the posting of a bond).

Fourth, there is no merit to Theodosios' argument that a supersedeas bond may not be imposed in cases where no monetary judgment has been entered. *See, e.g., In re Weinhold*, 389 B.R. 783, 789 (Bankr. M.D. Fla. 2008) (imposing a supersedeas bond in a case involving a non-monetary judgment); *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 351 (S.D.N.Y. 2007) (requiring appellants to post a supersedeas bond in order to stay a plan confirmation order).

Finally, Theodosios has failed to point to any errors of law or fact requiring the Court to depart from its decision to set the amount of the bond at $96,000.00.

Based upon the foregoing, the Emergency Motion is DENIED. The Court will enter an appropriate order.

###

Date: March 6, 2017

Ernest M. Robles
United States Bankruptcy Judge