

**FILED & ENTERED**

**JUN 28 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | | | |
|---|---|---|---|
| In re: | Harry Roussos, Debtor | Case Nos.: | 2:15-bk-21624-ER and 2:15-bk-21626-ER (jointly administered) |
| In re: | Theodosios Roussos, Debtor (jointly administered) | Chapter: | 7 |

**MEMORANDUM OF DECISION ON TRUSTEE'S MOTION FOR AN ORDER DISSOLVING STAY PENDING APPEAL**

[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)]

Before the Court is a motion filed by the Chapter 7 Trustee (the "Trustee") seeking dissolution of the Court's stay of an order compelling Theodosios Roussos to turnover possession of three apartment units (the "Turnover Order"). Pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3), the Court finds this matter appropriate for disposition without a hearing. For the reasons set forth below, the Court will enter an order confirming that the stay of the Turnover Order expired by operation of law on May 23, 2017.

## I. Facts

On January 12, 2017, the Court granted the Trustee's motion to compel Theodosios Roussos ("Theodosios")[1] to turnover possession of three apartment units located at 153 San Vicente Boulevard, Santa Monica, CA (the "Units"). *See* Order Granting Chapter 7 Trustee's Motion for Order (1) Compelling Theodosios Roussos, Paula Roussos, and S.M.B. Management, Inc., a

---

[1] A given name is used to distinguish Theodosios Roussos from his brother, Harry Roussos, who is also involved in this litigation. No disrespect is intended.

California Corporation, to Turnover Property of the Estate and (2) Authorizing the Trustee to Utilize Services of the United States Marshals to Enforce Court Order (the "Turnover Order") [Doc. No. 699]. Theodosios and the other occupants of the Units (collectively, the "Occupants") timely appealed the Turnover Order to the District Court. On February 10, 2017, upon the motion of the Occupants, the Court stayed the Turnover Order pending appeal, with the stay conditioned upon the posting of a supersedeas bond. *See* Order Granting Motion for a Stay Pending Appeal of Turnover Order [Doc. No. 727] and Memorandum of Decision Granting Motion for a Stay Pending Appeal of Turnover Order [Doc. No. 726]. On February 27, 2017, after receiving evidence on the appropriate amount of the supersedeas bond, the Court set the amount of the bond at $96,000. *See* Memorandum of Decision Setting Amount of Supersedeas Bond at $96,000.00 [Doc. No. 737] and Order (1) Setting Amount of Supersedeas Bond at $96,000.00 and (2) Requiring Theodosios Roussos to Deposit the Bond Amount into the Court's Registry By No Later than March 10, 2017 at 3:00 p.m. [Doc. No. 738]. On March 10, 2017, Theodosios deposited the full amount of the $96,000.00 bond into the Court's registry.

In its "Memorandum of Decision Setting Amount of Supersedeas Bond at $96,000.00," the Court explained that its stay of the Turnover Order would expire by operation of law once the District Court ruled upon the appeal of the Turnover Order:

> After the District Court makes its decision, the stay entered by the Bankruptcy Court expires by operation of the law, and application must be made to the District Court for any additional stay. *See Lofsted v. Kendall (In re Kendall)*, 510 B.R. 356, 361 (Bankr. D. Colo. 2014); 10 Collier on Bankruptcy ¶ 8007.11 (16th rev'd ed. 2016) ("The general rule is that a stay granted under Rule 8007 expires when the appeal has been decided by the bankruptcy appellate panel or district court. At that point, it is incumbent upon the disappointed party to seek a stay pending an appeal to the court of appeals under Bankruptcy Rule 8025.").

*Id.* at 2–3.

On May 23, 2017, the District Court affirmed the Bankruptcy Court's issuance of the Turnover Order. *See* Order Affirming Bankruptcy Court's January 12, 2017 Order [Doc. No. 784]. On June 22, 2017, Theodosios[2] appealed the District Court's affirmance of the Turnover Order to the Ninth Circuit. *See* Appellant Theodosios Roussos' Notice of Appeal of District Court's Order Dated May 23, 2017 [Doc. No. 791].

The Trustee now seeks entry of an order dissolving the stay of the Turnover Order (the "Motion").[3] The Trustee states that although the stay has dissolved by operation of law, the U.S.

---

[2] Although the appeal to the District Court had been filed by Theodosios and the other occupants of the Units, the appeal to the Ninth Circuit was filed solely by Theodosios.

[3] The Trustee filed the following papers in support of the Motion:
1) Chapter 7 Trustee's Motion for Order Dissolving Stay Pending Appeal of Order, After Hearing, Granting Chapter 7 Trustee's Motion for Order (1) Compelling Theodosios Roussos, Paula Roussos, and S.M.B. Management, Inc., a California Corporation, to Turnover Property of the Estate and (2) Authorizing Trustee to Utilize Services of the United States Marshals to Enforce Court Order [Doc. No. 793];
2) Application for Order Setting Hearing on Shortened Notice [Doc. No. 794]; and
3) Declaration of Howard M. Ehrenberg in Support of Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] Re Chapter 7 Trustee's Motion for Order Dissolving Stay Pending Appeal of Order, After Hearing, Granting Chapter 7 Trustee's

Marshal's Service will not enforce the Turnover Order and evict the Occupants from the Units absent an explicit order of the Court.

## II. Discussion

The Court finds it appropriate to confirm that the stay of the Turnover Order expired by operation of law on May 23, 2017, the date upon which the District Court affirmed the Bankruptcy Court's issuance of the Turnover Order. As noted above, the Court's "Memorandum of Decision Setting Amount of Supersedeas Bond at $96,000.00" clearly stated that the stay of the Turnover Order would cease to be effective as soon as the District Court ruled upon the appeal of the Turnover Order. Because the Court is merely confirming the relief previously ordered and is not granting additional affirmative relief, it is not necessary for the Court to hold a hearing on the Motion.[4]

In the Turnover Order, the Court ordered the Occupants to surrender and deliver possession of the Units to the Trustee by January 18, 2017. The Occupants were not required to comply with the January 18 deadline as a result of the stay of the Turnover Order. The expiration of the stay of the Turnover Order requires the Court to set new deadlines for the purpose of enforcing the Turnover Order.[5]

The appeal of the Turnover Order pending before the Ninth Circuit does not deprive the Court of jurisdiction to enforce the Turnover Order. A pending appeal deprives the trial court of "jurisdiction over any matters involved in the appeal," but does not divest the trial court of jurisdiction over ancillary matters, such as the entry of orders "in aid of execution of a judgment that has not been superseded." *Matter of Thorp*, 655 F.2d 997, 998 (9th Cir. 1981). The "rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute. It is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (internal citations omitted).

*Rains v. Flinn (In re Rains)*, 428 F.3d 893, 904 (9th Cir. 2005) is directly on point. In that case, the Bankruptcy Court approved a settlement agreement between Rains (the debtor) and the Trustee. *Id.* at 897–98. After deciding he no longer wanted to comply with the settlement agreement, Rains appealed the Bankruptcy Court's order approving the settlement agreement. *Id.* at 898. While that appeal was pending, the Trustee applied to the Bankruptcy Court for entry of a judgment enforcing a provision of the settlement agreement requiring Rains to pay $250,000 to the estate. *Id.* at 899. The Bankruptcy Court entered judgment in accordance with the Trustee's

---

    Motion for Order (1) Compelling Theodosios Roussos, Paula Roussos, and S.M.B. Management, Inc., a California Corporation, to Turnover Property of the Estate and (2) Authorizing Trustee to Utilize Services of the United States Marshals to Enforce Court Order [Doc. No. 795].

[4] The Court finds it appropriate to emphasize a subtle distinction between the relief sought in the Motion and the findings made by the Court herein. The Motion seeks an order "dissolving and vacating" the stay of the Turnover Order. The Court is not affirmatively dissolving the stay; it is merely confirming that, as previously ordered, the stay dissolved by operation of law upon the District Court's disposition of the appeal.

[5] It is not necessary for the Court to conduct an additional hearing before setting new deadlines to enforce the previously-issued Turnover Order. The issues relating to turnover have already been fully addressed in previous hearings.

application. *Id.* The Ninth Circuit held that the Bankruptcy Court had jurisdiction to enter the judgment notwithstanding the pending appeal of the order approving the settlement agreement:

> Additionally, the rule that a notice of appeal will divest a court of jurisdiction "is not absolute." *Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1190 (9th Cir.2000). For example, a trial court retains "jurisdiction to take actions that preserve the status quo during the pendency of an appeal," although the court "may not finally adjudicate substantial rights directly involved in the appeal." *Id.* (citations omitted). And "[a]bsent a stay or supersedeas, the ... court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." *Id.* (citations omitted).
>
> In this case, the bankruptcy court's judgment enforcing the settlement agreement, whether considered a final order or an interlocutory order, did not change the status quo or materially alter the issues on appeal. The judgment merely effectuated the express terms of the settlement agreement, and did not alter or expand upon the order approving the settlement agreement. As a result, the bankruptcy court acted within its jurisdiction when it entered judgment, even though Rains had already filed a notice of appeal from the order approving the settlement agreement.

*Rains*, 428 F.3d at 904.

No stay of the Turnover Order is in effect. As was the case in *Rains*, the Court has jurisdiction to enforce the Turnover Order by requiring the Occupants to vacate the Units by a date certain. The issuance of such an order does not alter or expand upon the Turnover Order. Nor does such an order relate to or interfere with the subject of the appeal—namely, the correctness of the Court's determination that the Units are property of the estate that had to be turned over to the Trustee. All the Court is doing is issuing an order to aid in the enforcement of relief that has previously been ordered. Such action does not produce the confusion and inefficiency of two courts considering the same issues simultaneously.

### III. Conclusion

Based upon the foregoing, the Court will enter an order confirming that its stay of the Turnover Order expired by operation of law on May 23, 2017. The Court will further order the Occupants to turnover the Units to the Trustee by a date certain.

###

Date: June 28, 2017

Ernest M. Robles
United States Bankruptcy Judge